UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

GEORGETTE LEE,

Plaintiff,

v.

CELEBRITY CRUISES INC.,

Defendant.

_______________________________________/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and, for good cause, alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, GEORGETTE LEE, is a United States citizen and citizen and resident of Virginia and is otherwise *sui juris*.

2. Defendant, CELEBRITY CRUISES INC. (hereinafter "CELEBRITY"), is a foreign entity which maintains its principal place of business and worldwide headquarters in Miami, Florida.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Parties are completely diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty jurisdiction.

4. At all times material hereto, Defendants, personally or through an agent(s):

   a. Operated, conducted, engaged in or carried out a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Were engaged in substantial business activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193; and/or

e. Committed acts set out in this Complaint that occurred in whole or in part in this county and/or state.

5. Further, CELEBRITY issued a cruise ticket contract which required that any claims relating to personal injuries that Plaintiff may sustain in connection to the subject cruise be brought in this Court and within this District as opposed to anywhere else in the world.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and/or the laws of the State of Florida. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38 and/or the Savings to Suitors clause, Plaintiff hereby demands a jury trial on all claims asserted herein.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Ascent* ("the vessel").

8. On or about November 5, 2025, Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

9. Defendant directly participated in and approved the designs for the exterior areas of the subject vessel, including the selection of flooring materials for the public areas onboard the ship.

10. Defendant established internal standards for the use and selection of flooring materials for various areas board its ships, including the subject vessel. The internal standards included co-efficient of friction for flooring in public areas including heavily trafficked areas where there was a high risk of becoming wet and/or spills. Upon information and belief, these internal standards

were created and/or approved of by Defendant.

11. Defendant is aware that many accidents occur from falls due to wet and/or slippery floor surfaces, requiring those areas to be regularly maintained, swept, mopped, and properly cleaned.

12. Defendant is aware that improper cleaning of foreign transitory substances creates a hazardous condition if not executed properly, and lead to more injuries, and has therefore developed detailed rules, policies, and procedures (SMS policies and procedures) for these purposes, to minimize the risk of the very injury suffered by Plaintiff as alleged.

13. On or about November 5, 2025, the Plaintiff was traversing the Oceanview Café, near the pancake bar, located on Deck 14, when she suddenly slipped and fell on a foreign, wet, and/or transitory substance, making the floor surface unreasonably slippery, slick, and/or hazardous, ultimately causing Plaintiff to sustain serious injuries.

14. The wet, unreasonably slippery, slick, and/or hazardous nature of the flooring surface was not open and obvious and Plaintiff had no way of knowing the existence of the hazardous condition.

15. The subject area constituted a dangerous condition for reasons that include, but were not limited to:

a. The subject area contained a foreign substance that made the flooring surface unreasonably slippery, slick, and/or unreasonably dangerous when so contaminated;

b. The flooring surface of the subject area was slippery and/or unreasonably slick even without being contaminated by the foreign substance(s) outlined above;

c. Defendant failed to place signs and/or warnings and/or anti-slip mats in or around the subject area, which could have reasonably communicated to Plaintiff the foreign substance on the floor, outlined above, and/or the unreasonably slippery and/or slick nature of the flooring surface in the subject area; and/or

16. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

a. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant's crewmembers were standing within a close distance to the subject area and/or were actively monitoring same for hazards, per Defendant's policies and procedures, and did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident;

b. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, the wet, unreasonably slippery, and/or slick substance upon which Plaintiff slipped was dirty, and as such, appeared to have been present on the floor for a sufficient amount of time, such that, Defendant's crewmembers who were standing within a close distance to the subject area, did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident;

c. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant had installed video cameras to monitor the subject area, and had Defendant reasonably monitored the subject area via those cameras, Defendant did and/or would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident; and/or

d. As per Defendant's policies and procedures, Defendant's crewmember did and/or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident.

17. As a result of the negligence of Defendant and its actions and failures to provide Plaintiff with a reasonably safe place to walk, Plaintiff fell suffering severe injuries.

## <u>COUNT I – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT RCCL</u>

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) above as though alleged originally herein, and further alleges:

18. At all times material hereto, it was Defendant CELEBRITY's duty to provide the

Plaintiff with reasonable care under the circumstances, which included a duty to reasonably maintain the subject floor in a reasonably safe condition.

19. At all times material hereto, it was the non-delegable duty of Defendant to maintain its walkways, platforms, and decks in a reasonably safe condition so that passengers, including the Plaintiff, had a reasonably safe means of walking/navigating aboard the vessel.

20. On or about November 5, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failure to adequately and regularly inspect the subject flooring surface where the Plaintiff fell, to determine whether the subject flooring was unreasonably wet, slippery, slick, hazardous in nature, and/or dangerous;

b. Failure to maintain the subject flooring surface where Plaintiff fell in a reasonably safe condition in light of the anticipated traffic in the area;

c. Failure to maintain the subject floor in a clean and dry condition;

d. Failure to maintain non-slid flooring surface in the subject area;

e. Failure to maintain the subject flooring with reasonable coefficient of friction to ensure it was not unreasonably slippery and/or slick;

f. Failure to maintain the surface of the floor in a reasonably safe condition if/when the subject area floor became wet, slippery, and/or slick, including, but not limited to, closing off the subject area that was dangerously wet, slippery, and/or sticky, and/or placing signage to warn passengers of hazardous areas;

g. Failure to maintain anti-slip/slip-resistance material, mats and/or anti-slip/slip-resistance tape on the subject flooring surface;

h. Failure to adequately and reasonably correct a hazardous condition which the Defendant knew or should have known about;

i. Other negligent acts and/or omissions that may be revealed in discovery.

20. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure

to adequately inspect and/or maintain the subject area.

21. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) the maintenance, inspection, and/or supervision of the subject floor surface, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See Emily Peoples v. Celebrity*, Case No.25-cv-24898-JAL (S.D.Fl. 2025) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Reflection*); *Alexandra W. Lewis v. Celebrity*, Case No. 25-cv-20113-RS (S.D.Fl. 2025) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Reflection*); *Monika Higgins v. Celebrity*, Case No.24-cv-20529-CMA (S.D.Fl. 2024) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Reflection*); *Lisa Kahan v. Celebrity*, Case No.23-cv-23795-BB (S.D.Fl. 2023) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Solstice*). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

22. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) above as though alleged originally herein, and further alleges:

23. At all times material hereto, it was Defendant CELEBRITY's duty to provide the Plaintiff with reasonable care under the circumstances.

24. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

25. On or about November 5, 2025, the Plaintiff was traversing the Oceanview Café near the pancake bar, located on Deck 14, which was a place that the Plaintiff was invited to by Defendant CELEBRITY and/or a place Defendant CELEBRITY reasonably expected the Plaintiff to be during the subject cruise.

26. On or about November 5, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failure to warn the Plaintiff of the unreasonably wet, slippery, slick, hazardous, and/or dangerous condition of the flooring surface in the subject area;

b. Failure to adequately warn the Plaintiff of the poorly maintained flooring surface used in the subject area;

c. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, slick, and/or hazardous nature of the flooring surface of the subject area, including but not limited to hazardous co-efficiency of friction in light of the wet, slippery, slick, and/or hazardous condition of the flooring surface;

d. Failure to warn the Plaintiff of other slip and fall incidents previously occurring in same area, same deck and/or same flooring surface;

e. Failure to warn the Plaintiff that Defendant did not have proper procedures in place to adequately inspect and monitor the area to detect and correct hazardous conditions such as unreasonably wet, slippery, an/or slick flooring surfaces; and/or

f. Failure to adequately warn passengers and Plaintiff of other similar falls previously occurring on the same or substantially similar deck areas on board the same vessel and/or Celebrity's other vessels fleet-wide.

g. Other negligent acts and/or omissions that may be revealed in discovery.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

28. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) the maintenance, inspection, and/or supervision of the subject floor surface, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See Emily Peoples v. Celebrity*, Case No.25-cv-24898-JAL (S.D.Fl. 2025) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Reflection*); *Alexandra W. Lewis v. Celebrity*, Case No. 25-cv-20113-RS (S.D.Fl. 2025) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Reflection*); *Monika Higgins v. Celebrity*, Case No.24-cv-20529-CMA (S.D.Fl. 2024) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Reflection*); *Lisa Kahan v. Celebrity*, Case No.23-cv-23795-BB (S.D.Fl. 2023) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the

*Solstice*). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

29. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

30. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

31. On or about November 5, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failure to adequately and regularly monitor the subject area to maintain it free of wet, slippery, slick, hazardous, and/or dangerous conditions;

b. Failure to adequately inspect the floor at reasonable and adequate intervals so as to discover wet, slippery, slick, hazardous, and/or dangerous conditions;

c. Failure to close off and/or place warning signs/cones on or around the wet, slippery, slick, hazardous, and/or dangerous flooring surface in the subject area;

d. Failure to have a non-slip, non-slid and/or non-skid flooring surface on the subject floor surface;

e. Failure to adequately test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers (like Plaintiff);

f. Failure to close off the subject area and/or post warnings in the subject area during cleaning operations;

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet, slippery, slick, hazardous, and/or dangerous conditions;

h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet, slippery, slick, hazardous, and/or dangerous areas and/or that such wet, slippery, slick, hazardous, and/or dangerous areas are closed off;

i. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered from happening;

j. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff;

k. Failure to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring in the same area and/or type of flooring surface so as to remedy such hazardous conditions;

l. Failure to correct hazardous conditions following other slip and fall accidents in the same area and/or type of flooring surface;

m. Failure to select, adopt, approve and/ or utilize a reasonably safe flooring, and/or retrofit flooring, surface in light of the anticipated traffic and anticipated purpose of the area;

n. Failure to test and/or adequately evaluate flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

o. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

32. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely

injured because Plaintiff would not have been injured but for the above acts and/or omissions.

33. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) the maintenance, inspection, and/or supervision of the subject floor surface, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See Emily Peoples v. Celebrity*, Case No.25-cv-24898-JAL (S.D.Fl. 2025) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Reflection*); *Alexandra W. Lewis v. Celebrity*, Case No. 25-cv-20113-RS (S.D.Fl. 2025) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Reflection*); *Monika Higgins v. Celebrity*, Case No.24-cv-20529-CMA (S.D.Fl. 2024) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Reflection*); *Lisa Kahan v. Celebrity*, Case No.23-cv-23795-BB (S.D.Fl. 2023) (Plaintiff slipped and fell in the Oceanview Café on the same and/or similar floor surface onboard the *Solstice*). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

34. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition,

the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: July 20, 2026

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Ste. 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Ashley E. Wentz*
**ASHLEY E. WENTZ**
Florida Bar No. 1054401
awentz@lipcon.com