UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-24895-DPG

GEORGETTE LEE,

Plaintiff,

v.

CELEBRITY CRUISES INC.,

Defendant.

_________________________________/

**DEFENDANT CELEBRITY CRUISES INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, CELEBRITY CRUISES INC. ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's Complaint.

**PRELIMINARY ALLEGATIONS**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

**FACTS COMMON TO ALL COUNTS**

7. Defendant operated, managed, maintained, and/or controlled the subject vessel. The remainder is denied.

8. Admitted.

9. Denied as phrased.

10. Denied as phrased.

11. Defendant is aware, as it is common knowledge, the floors can be slippery when wet. The remainder is denied.

12. Denied.

13. Defendant admits Plaintiff reported an injury on the vessel. The remainder is denied.

14. Denied.

15. Denied including all subparts.

16. Denied including all subparts.

17. Denied.

**COUNT I –NEGLIGENT FAILURE TO MAINTAIN**

Defendant restates paragraphs 1-17.

18. Admitted.

19. Defendant admits it owed Plaintiff a duty of reasonable care under the circumstances. The remainder is denied.

20. Denied including all subparts.

20.[1] Denied.

21. Denied.

22. Denied.

**COUNT II - NEGLIGENT FAILURE TO WARN**

Defendant restates paragraphs 1-17.

23. Admitted.

---

[1] Plaintiff included two no. 20 paragraphs.

24. Denied as phrased.

25. Admitted.

26. Denied including all subparts.

28. Denied.

29. Denied.

**COUNT III –GENERAL NEGLIGENCE**

Defendant restates paragraphs 1-17.

30. Admitted.

31. Denied including all subparts.

32. Denied.

33. Denied.

34. Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's own negligence may have caused or contributed to her injuries and damages, and as such any damages are barred as a matter of law. Alternatively, Plaintiff's own negligence may have contributed to the subject incident and her injuries, and therefore, any award to the Plaintiff must be reduced pursuant to the principles of comparative negligence.

2. This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage and the Defendant adopts and incorporates same in its entirety to its answer by reference.

3. Plaintiff may have failed to mitigate her damages; therefore, Plaintiff's recovery, if any, must be reduced in accordance the principles of comparative negligence.

4. Plaintiff's claims are governed by maritime law and any recovery is limited by general maritime law.

5. Plaintiff's injuries may be limited to association of a pre-existing condition(s), if any, and are limited to the degree of aggravation of these injuries.

6. Plaintiff may only introduce into evidence the amount of medical bills and costs paid by Medicare/Medicaid or collateral sources (rather than the billed amount). Alternatively, Defendant is entitled to a post-verdict setoff for any and all collateral source benefits paid or payable to Plaintiff.

7. Defendant alleges that the incident and injuries alleged in the First Amended Complaint were the result of intervening, independent, superseding and/or unforeseeable causes for which Defendant had no duty to protect Plaintiff from.

8. Plaintiff's past medical expense damages are limited to those that are reasonable and necessary, including reduction for any amounts written off, not submitted and which Plaintiff was not required to pay.

9. Defendant reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

WHEREFORE, Defendant, ROYAL CARIBBEAN CRUISES LTD., having answered the First Amended Complaint and asserted affirmative defenses, demands judgment in its favor and against the Plaintiff, along with all costs and attorney's fees available under the Federal Rules of Civil Procedure.

Respectfully submitted,
ROYAL CARIBBEAN CRUISES LTD.
1080 Caribbean Way
Miami, Florida 33132
(305) 539-6327 Tel.

(305) 539-4457 Alt. Tel.

By: */s/ Randy S. Ginsberg*
Randy S. Ginsberg
rginsberg@rccl.com
Florida Bar No.: 185485

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-24895-DPG

GEORGETTE LEE,

Plaintiff,

v.

CELEBRITY CRUISES INC.,

Defendant.

_________________________________/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: *<u>/s/ Randy S. Ginsberg</u>*
Randy S. Ginsberg
rginsberg@rccl.com
Florida Bar No.: 185485

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-24895-DPG

GEORGETTE LEE,

Plaintiff,

v.

CELEBRITY CRUISES INC.,

Defendant.
_________________________________/

**SERVICE LIST**

| | |
|---|---|
| Ashley E. Wentz<br>awentz@lipcon.com<br>LIPCON, MARGULIES & WINKLEMAN, P.A<br>2800 Ponce de Leon Blvd., Ste. 1480<br>Coral Gables, FL 33134<br>Telephone No.: (305) 373-3016<br>Facsimile No.: (305) 373-6204<br><br>*Attorneys for Plaintiff* | Randy S. Ginsberg<br>rginsberg@rccl.com<br>ROYAL CARIBBEAN CRUISES LTD.<br>1080 Caribbean Way<br>Miami, Florida 33132<br>Tel. (305) 539-6327<br>Alt. (305) 539-4457<br><br>*Attorneys for Defendant* |